

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2000

# Camp v. Brennan

Precedential or Non-Precedential:

Docket 99-3887

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Camp v. Brennan" (2000). *2000 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 18, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3887

RONALD CAMP,

      Appellant

v.

EDWARD BRENNAN, Superintendent; BROOKS, Deputy
Superintendent; MARQUART, Deputy Superintendent;
JOHN THOMPSON, SR.; Clark, Guard; WALMSLEY,
Guard; BURTON, Guard; BYERLEY, Guard; JONES,

Guard; and JOHN DOES

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 98-cv-180 E)
District Judge: Honorable Sean J. McLaughlin

Argued May 11, 2000

Before: GREENBERG and MCKEE, Circuit Judges,
and SHADUR,[1] District Judge

(Filed: July 18, 2000)

      Peter M. Suwak (argued)
      Pete's Surplus Building, P.O. Box 1
      Washington, PA 15301

      Attorneys for Appellant
_____

1. Honorable Milton I. Shadur, Senior United States District Judge for
the Northern District of Illinois, sitting by designation.

D. Michael Fisher
Attorney General
Calvin R. Koons
Senior Deputy Attorney General
 (argued)
John G. Knorr, III
Chief Deputy Attorney General
Chief, Appellate Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120

 Attorneys for Appellees

OPINION OF THE COURT

SHADUR, District Judge.

Prisoner Ronald Camp ("Camp") filed this 42 U.S.C. S1983 ("Section 1983") action pro se, alleging that prison guards violated his civil rights by using excessive and unnecessary force against him. Following a defense motion in the alternative to dismiss or for summary judgment, Magistrate Judge Susan Paradise Baxter issued a report on August 6, 1999 recommending that the motion be granted based upon Camp's failure to have exhausted his administrative remedies. District Judge Sean J. McLaughlin adopted the recommendation and granted the motion on September 30, 1999. We reverse and remand.

Background

Camp filed a pro se complaint alleging that in October 1996 prison guards used excessive and unnecessary force when they assaulted and stun gunned him while extracting him from his cell in the Restrictive Housing Unit of SCI-Albion. Camp asserts that despite his attempts to file a grievance after the incident, his complaint was not processed at all because he was on grievance restriction. In addition, Camp says that many SCI-Albion officers told him that none of his grievances would get to the Grievance Coordinator because the grievances were about the officers' co-workers. For those reasons, Camp says, he stopped

trying to file a claim at SCI-Albion because no one would help him.

After Camp left SCI-Albion he submitted a grievance to the Office of Professional Responsibility. On July 20, 1998 that office sent Camp a letter stating that the matter was outside its jurisdiction but that it would forward Camp's complaint to the appropriate office for review. According to an August 20, 1998 letter from the Office of the Secretary of Corrections, Camp's allegations were investigated thoroughly and a determination was made that his complaint lacked credibility and that the officers' actions were justified.

Defendants contend that Camp did not exhaust the administrative remedies under the grievance procedure codified by Department of Corrections Policy Number DC-ADM 804. (See App. 20a-25a) In support of that position, defendants offer the declaration of Chief Hearing Examiner Robert Bitner ("Bitner") that described the grievance process and stated that after reviewing Camp's records, Bitner had found that Camp had not completed the necessary steps of the grievance procedure.

Because the district court went beyond Camp's Complaint (as do we) to consider the evidentiary matters just discussed, any Fed. R. Civ. P. ("Rule") 12(b)(6) attack is converted into one under Rule 56. We have jurisdiction of such a final summary judgment under 28 U.S.C.S1291. And our review of the district court's decision is plenary under such decisions as Kornegay v. Cottingham , 120 F.3d 392, 395 (3d Cir. 1997).

Administrative Exhaustion Vel Non

Camp has urged a dual basis for reversal. At the outset he has contended that the district court erred in granting defendants' motion because excessive force complaints, unlike complaints regarding general prison conditions, do not require the exhaustion of administrative remedies under 42 U.S.C. S1997e(a)("Section 1997e(a)"):

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any other

3

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As his second contention, he has argued that even if the statute does apply to such claims, the circumstances that he has had to deal with take him out of the statutory reach.

As for Camp's first argument, post-briefing events have defeated it. We have held in Booth v. Churner , 206 F.3d 289, 291, 295 (3d Cir. 2000) that excessive force is indeed a "prison condition" for Section 1997e(a) purposes, so that the statutory exhaustion requirement does apply to such claims. Hence the district court correctly found that Camp needed to exhaust his administrative remedies before bringing a Section 1983 excessive force action.

But we find Camp's second position persuasive. It will be recalled that (understandably enough) under Section 1997e(a) the prisoner need only exhaust such administrative remedies "as are available." From Camp's description of events at SCI-Albion, which defendants have not refuted in factual terms, he faced something of a Catch-22 situation there. But even were that not the case, we are told by defendants themselves that Camp's allegations have been fully examined on the merits by the ultimate administrative authority and have been found wanting. With that substantive determination having already been made at the highest level, there would be even more reason to invoke the Joseph Heller metaphor to describe any notion that Camp must jump through any further administrative hoops to get the same answer. Thus judicial consideration is now open to him.

Conclusion

We affirm the district court's holding that excessive force claims are subject to the statutory exhaustion requirement. But having done so, we further hold that Camp has met that requirement and remand this case for resolution on the merits.

A True Copy:
Teste:

       Clerk of the UnitedStates Court of Appeals
       for the Third Circuit

5