

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2003

# Casey v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Casey v. Smith" (2003). *2003 Decisions*. Paper 332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4245
_____

BRYAN CASEY,

Appellant

v.

\*ASHLEY SMITH; \*JAMES GRACE;
\*CLINTON P. MYERS; \*KAYE STEWART;
\*ROBERT DUCK; WALLACE COUCH,in their individual capacities

\*(Amended-See Clerk's Order dated 01/17/03)

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-00965)
Magistrate Judge:  The Honorable J. Andrew Smyser

_____

Submitted Under Third Circuit LAR 34.1(a)
July 7, 2003

BEFORE: NYGAARD, SMITH, and GREENBERG, Circuit Judges.

(Filed: July 30, 2003 )

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Bryan Casey appeals from the Magistrate Judge's October 21, 2002 order denying his motion for reconsideration of the Magistrate's order granting summary judgment to Wallace Couch and Kaye Stewart, Appellees. On appeal, Casey alleges that the Magistrate Judge erred by determining that his grievance was untimely, that he did not substantially comply with the grievance process, and that Appellees had not waived the affirmative defense of exhaustion of administrative remedies.

The Magistrate Judge presided by consent, and we have jurisdiction over the Magistrate Judge's final order pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*, applying the familiar standard that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Because we find no issues of material fact, and that Appellees are entitled to judgment as a matter of law, we will affirm the Magistrate Judge's grant of summary judgment.

2

The history of this case, its facts, and procedure are well known to counsel and the parties. Inasmuch as we are writing a non-precedential opinion and only for the parties herein, we will recite only those facts necessary to our holding. The Pennsylvania Department of Corrections has implemented an official Inmate Grievance System, governed by Administrative Directive 804 and supplemental Bulletins. Pursuant to this system, an inmate is required to present his grievance to the grievance coordinator for initial review within fifteen days after the events upon which the grievance is based. If unsatisfied with the result at this stage, the inmate may appeal the decision to the Superintendent of the local prison. As the final administrative step, the inmate may appeal the Superintendent's decision to the Department of Corrections Chief Hearing Examiner. Exhaustion of available administrative remedies is mandatory for an inmate to initiate a federal lawsuit. *Booth v. Churner*, 532 U.S. 731, 739 (2001) (discussing the effects of the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a)). Exhaustion must take place irrespective of whether the administrative process provides the inmate with the relief he is seeking, but an inmate may satisfy his burden by substantially complying with the administrative process. *Nyhuis v. Reno*, 204 F.3d 65, 75–77 (3d Cir. 2000). The failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proven by the defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Bryan Casey filed suit on May 31, 2001, alleging that the named Appellees, as correctional officers at SCI–Huntington, failed to protect him from injuries allegedly sustained in an August 8, 1999 attack by his cellmate. Casey filed a grievance within fifteen days of the alleged incident on August 16, 1999. However, this grievance did not pertain to his current § 1983 claims, but rather his attempts to press assault charges against his cellmate.[1] It was not until July 20, 2000, that Casey finally filed a grievance with Grievance Coordinator Diana Baney that related to the August 8th attack and pertained to the alleged failure to protect by correction officers. Ms. Baney denied this grievance as untimely. *See* App. at 86–87. Casey then sent a letter appealing Ms. Baney's decision to Superintendent Kenneth Kyler, which was denied on the merits. *See*

---

1. The body of Casey's August 16, 1999 grievance states:
   > On Saturday Aug. 8, 99 I was attacked in my cell in the RHU by my cellie Vincent Davis. He cut me about 3x's with an open razor blade. I was taken out of that cell and moved over here on the drug unit side of C-A block where the RHU Lt. came later that evening and took pictures of the wounds on my body. The next day I was visited by a Det. from the State Police barracks here in Huntingdon County. He asked me did I was to press charges, I said yes. He said that the guy will be charged with agg. assault. He said that since the jail was locked down, he could not take me out to a room and get a report, that he'll be back later that week. He never came back. So I wrote Deputy Meyers, Security Captain, & I talked to my counselor Mrs. Ruppert about pressing charges. I have still got no assistance in doing so. I wish to see a officer & press charges.

Magistrate's July 30, 2002 Order, App. at 16.

4

App. at 90. On his final administrative appeal, Casey's grievance was deemed untimely by Robert Bitner, Chief Hearing Examiner on August 16, 2000. *See* App. at 93.

Casey failed to exhaust his administrative remedies because he failed to file his grievance pertaining to his § 1983 claims within the fifteen day time period set out in Pennsylvania's Inmate Grievance System. Although he claims substantial compliance by virtue of his uncertainty that the exhaustion requirement did not encompass a futility exception, he has not demonstrated why his situation is distinguishable from that in *Nyhuis*. In *Nyhuis v. Reno*, an inmate, Nyhuis, brought a *Bivens* action against several correctional officers and asked for monetary and declaratory relief. 204 F.3d 65 (3d Cir. 2000). The defendants contended that the case should be dismissed for Nyhuis' failure to exhaust his administrative remedies, pursuant to the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a). We rejected Nyhuis' response "that since the Bureau of Prisons' administrative process could not afford the monetary or declaratory relief he requested, exhaustion would essentially be futile, and thus, § 1997e(a) should not bar his action." *Nyhuis*, 204 F.3d at 68. Instead, we held that "we are of the opinion that § 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement." *Id*. at 71. In light of our holding in *Nyhuis* and Casey's lengthy delay in filing his grievance, we reject Casey's substantial compliance argument. *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) ("Whatever the parameters of 'substantial compliance' referred to [in *Nyhuis*], it does not encompass a

5

second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed.").

Casey also argues that the Appellees have waived the affirmative defense of failure to exhaust administrative remedies because Superintendent Kyler reached the merits of Casey's grievance during his administrative appeal. Although we have found that exhaustion can be waived if the ultimate administrative authority fully examines the grievance on the merits, *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000), Casey cannot escape the fact that his grievance was determined to be untimely in the final administrative stage. As we look to the decision of the ultimate administrative authority, here, Chief Hearing Examiner Bitner's determination of untimeliness, *Camp* is inapplicable to Casey's situation and exhaustion has not been waived.

For the foregoing reasons, we will affirm the order of the Magistrate Judge.

_____

TO THE CLERK:

     Please file the foregoing opinion.


                    /s/ Richard L. Nygaard
                    Circuit Judge