

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# Robert Barrick v. Prison Health Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1059

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Robert Barrick v. Prison Health Sys" (2009). *2009 Decisions*. Paper 1168.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1168

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-217                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1059
_____

ROBERT A. BARRICK,

Appellant

v.

PRISON HEALTH SYSTEMS/MEDICAL; RAYMOND J. SOBINA,
SUPERINTENDANT; MRS. G. POINDEXTER, PRISON HEALTH SERVICES
ADMINISTRATOR; DR. MAXA, PRISON HEALTH SERVICES MEDICAL
DIRECTOR; MS. R. SHERBINE, PRISON HEALTH SERVICES PHYSICIAN'S
ASSISTANT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:07-cv-00163)
District Judge: Honorable Susan Paradise Baxter

_____

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
for Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 11, 2009
Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed : June 18, 2009)
_____

OPINION
_____

PER CURIAM

        Robert A. Barrick appeals from an order of the United States District Court for the

Western District of Pennsylvania[1] granting Appellees' motion for summary judgment and dismissing his complaint for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. For the reasons that follow, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I. Background

Barrick is an inmate in Pennsylvania state prison. In July 2007, Barrick filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. In it, Barrick contends prison health staff violated his Eighth Amendment rights by failing to appropriately address his medical needs concerning skin cancer on his left ear.

Specifically, Barrick claims that in January 2007, members of the prison medical staff at SCI-Forest were deliberately indifferent to an earlier doctor's recommendation to check Barrick's left ear for possible skin cancer, instead only treating a surface infection with antibiotics. According to Barrick, the months of delay in following up on the possible cancer diagnosis allowed his condition to worsen. When Barrick eventually received treatment, most of his ear was removed. He argues that if he had received treatment earlier, his ear could have been saved. Barrick seeks compensatory and punitive damages.

---

[1] The parties consented to proceed before a Magistrate Judge pursuant to 18 U.S.C. § 636(c)(1).

## II. Analysis

The Prison Litigation Reform Act of 1995 ("PLRA") requires that, prior to seeking relief in federal court, a prisoner must properly exhaust all available administrative remedies at the prison. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. at 95. The availability of administrative remedies is a question of law. See Ray v. Kertes, 285 F.3d 287, 291 (3d Cir. 2002). We review de novo the District Court's dismissal for failure to exhaust administrative remedies under the PLRA. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

Barrick filed two administrative grievances in which he attempted to raise claims of inadequate medical treatment and deliberate indifference. Barrick's grievances were denied at all three levels of the prison's administrative review process. Upon initial review, the grievances were denied for lack of merit; when Barrick appealed, his efforts were denied as untimely. An "untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement of the PLRA. Woodford v. Ngo, 548 U.S. 81, 83 (2006); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

The District Court concluded that because Barrick's grievance appeals were denied as untimely, they do not satisfy his obligation to properly exhaust his administrative

3

remedies under the PLRA. Barrick does not dispute this conclusion. Rather, in his memorandum in support of his appeal, Barrick argues that his failure to exhaust administrative remedies should be excused. He claims that he missed filing deadlines because he was recovering from surgery on his ear.

We sympathize that Barrick underwent surgery for a serious medical condition. In addition, we have recognized that under certain circumstances, administrative remedies may not effectively be "available," preventing a timely pursuit of the prison grievance process. See, e.g., Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (administrative remedy unavailable where prison security officials told inmate to wait to file grievance until after the investigation was complete); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (administrative remedy unavailable where inmate put on grievance restriction). However, in this case, the record simply does not support Barrick's argument that administrative process was unavailable to him during his recovery from surgery.

Based upon the documents Barrick appended to his complaint, his surgery took place on February 16, 2007. Within days, Barrick had sufficiently recovered to be able to file documents with prison administrators in support of his medical claims, including a February 19, 2007, request to obtain copies of his medical records. Indeed, Barrick filed his second grievance on February 27, 2007, very shortly after his surgery. When that grievance was denied, Barrick filed a timely first-level appeal. Only after the appeal was denied on March 15, 2007, did Barrick miss the deadline for filing a second-level

administrative appeal. Thus, it is apparent that Barrick had access to administrative process and was able to pursue administrative remedies during the days and weeks immediately following his surgery, even during his recuperation.

Based upon these facts, we cannot credit Barrick's claim that his surgery interfered with his ability to properly exhaust his available administrative remedies as required by the PLRA. We therefore will affirm the District Court's decision.

## III. Conclusion

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Barrick's motion for the appointment of counsel as moot.