219 F.3d 279 (3rd Cir. 2000)
 RONALD CAMP, APPELLANT
V.
EDWARD BRENNAN, SUPERINTENDENT; BROOKS, DEPUTY SUPERINTENDENT; MARQUART, DEPUTY SUPERINTENDENT; JOHN THOMPSON, SR.; CLARK, GUARD; WALMSLEY, GUARD; BURTON, GUARD; BYERLEY, GUARD; JONES, GUARD; AND JOHN DOES
 No. 99-3887
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 Argued May 11, 2000
Filed July 18, 2000
 
 1
 On Appeal from the United States District Court for the Western District of Pennsylvania (No. 98-cv-180 E) District Judge: Honorable Sean J. McLaughlin
 
 
 2
 Peter M. Suwak (argued) Pete's Surplus Building, P.O. Box 1 Washington, PA 15301 Attorneys for Appellant
 
 
 3
 D. Michael Fisher Attorney General Calvin R. Koons Senior Deputy Attorney General (argued) John G. Knorr, III Chief Deputy Attorney General Chief, Appellate Litigation Section 15th Fl., Strawberry Square Harrisburg, PA 17120 Attorneys for AppelleesBefore: Greenberg and Mckee, Circuit Judges, and SHADUR,[1] District Judge
 
 OPINION FOR THE COURT
 Shadur, District Judge
 
 4
 Prisoner Ronald Camp ("Camp") filed this 42 U.S.C. S1983 ("Section 1983") action pro se, alleging that prison guards violated his civil rights by using excessive and unnecessary force against him. Following a defense motion in the alternative to dismiss or for summary judgment, Magistrate Judge Susan Paradise Baxter issued a report on August 6, 1999 recommending that the motion be granted based upon Camp's failure to have exhausted his administrative remedies. District Judge Sean J. McLaughlin adopted the recommendation and granted the motion on September 30, 1999. We reverse and remand.
 
 Background
 
 5
 Camp filed a pro se complaint alleging that in October 1996 prison guards used excessive and unnecessary force when they assaulted and stun gunned him while extracting him from his cell in the Restrictive Housing Unit of SCI-Albion. Camp asserts that despite his attempts to file a grievance after the incident, his complaint was not processed at all because he was on grievance restriction. In addition, Camp says that many SCI-Albion officers told him that none of his grievances would get to the Grievance Coordinator because the grievances were about the officers' co-workers. For those reasons, Camp says, he stopped trying to file a claim at SCI-Albion because no one would help him.
 
 
 6
 After Camp left SCI-Albion he submitted a grievance to the Office of Professional Responsibility. On July 20, 1998 that office sent Camp a letter stating that the matter was outside its jurisdiction but that it would forward Camp's complaint to the appropriate office for review. According to an August 20, 1998 letter from the Office of the Secretary of Corrections, Camp's allegations were investigated thoroughly and a determination was made that his complaint lacked credibility and that the officers' actions were justified.
 
 
 7
 Defendants contend that Camp did not exhaust the administrative remedies under the grievance procedure codified by Department of Corrections Policy Number DC-ADM 804. (See App. 20a-25a) In support of that position, defendants offer the declaration of Chief Hearing Examiner Robert Bitner ("Bitner") that described the grievance process and stated that after reviewing Camp's records, Bitner had found that Camp had not completed the necessary steps of the grievance procedure.
 
 
 8
 Because the district court went beyond Camp's Complaint (as do we) to consider the evidentiary matters just discussed, any Fed. R. Civ. P. ("Rule") 12(b)(6) attack is converted into one under Rule 56. We have jurisdiction of such a final summary judgment under 28 U.S.C. S 1291. And our review of the district court's decision is plenary under such decisions as Kornegay v. Cottingham , 120 F.3d 392, 395 (3d Cir. 1997).
 
 Administrative Exhaustion Vel Non
 
 9
 Camp has urged a dual basis for reversal. At the outset he has contended that the district court erred in granting defendants' motion because excessive force complaints, unlike complaints regarding general prison conditions, do not require the exhaustion of administrative remedies under 42 U.S.C. S 1997e(a)("Section 1997e(a)"):
 
 
 10
 No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
 
 
 11
 As his second contention, he has argued that even if the statute does apply to such claims, the circumstances that he has had to deal with take him out of the statutory reach.
 
 
 12
 As for Camp's first argument, post-briefing events have defeated it. We have held in Booth v. Churner , 206 F.3d 289, 291, 295 (3d Cir. 2000) that excessive force is indeed a "prison condition" for Section 1997e(a) purposes, so that the statutory exhaustion requirement does apply to such claims. Hence the district court correctly found that Camp needed to exhaust his administrative remedies before bringing a Section 1983 excessive force action.
 
 
 13
 But we find Camp's second position persuasive. It will be recalled that (understandably enough) under Section 1997e(a) the prisoner need only exhaust such administrative remedies "as are available." From Camp's description of events at SCI-Albion, which defendants have not refuted in factual terms, he faced something of a Catch-22 situation there. But even were that not the case, we are told by defendants themselves that Camp's allegations have been fully examined on the merits by the ultimate administrative authority and have been found wanting. With that substantive determination having already been made at the highest level, there would be even more reason to invoke the Joseph Heller metaphor to describe any notion that Camp must jump through any further administrative hoops to get the same answer. Thus judicial consideration is now open to him.
 
 Conclusion
 
 14
 We affirm the district court's holding that excessive force claims are subject to the statutory exhaustion requirement. But having done so, we further hold that Camp has met that requirement and remand this case for resolution on the merits.
 
 
 
 Notes:
 
 
 [1]
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.