

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# McBride v. Putnam

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McBride v. Putnam" (2005). *2005 Decisions.* Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3754
_____

DOMINIC McBRIDE,
                                         Appellant

v.

CHRIS PUTNAM; STANLEY BOHINSKI;
PATRICIA GINOCCHETTI;
THOMAS STAHALEK, Superintendent;
MICHAEL GRIEGO, Captain; ROBERT KOMISISKY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 03-cv-00155
(Honorable Edwin M. Kosik)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2005
Before:  SCIRICA, Chief Judge, FISHER and ALDISERT Circuit Judges

(Filed December 8, 2005)

_____

OPINION OF THE COURT

_____

PER CURIAM.

        Dominic McBride, a prisoner proceeding pro se, filed a complaint in the United

States District Court for the Middle District of Pennsylvania.  He sued Dr. Stanley

Bohinski, a physician at the Pennsylvania State Correctional Institution in Dallas, Pennsylvania ("S.C.I. Dallas"), and prison administrators and officials. McBride claimed that he, a non-smoker who gets sick from tobacco smoke, suffered cruel and unusual punishment when he was transferred to a housing unit where smoking was permitted. He also alleged medical malpractice and willful misconduct from the events surrounding his transfer to a smoking section of the prison and his return to the smoking unit after he experienced dizziness, vomited, and fainted from second-hand tobacco smoke.

Bohinski filed a motion to dismiss McBride's complaint on the grounds that McBride failed to state a claim and had not exhausted his administrative remedies. The other Defendants ("the Corrections Defendants") filed a similar motion, arguing failure to exhaust administrative remedies, lack of personal involvement of three of the Defendants, and Eleventh Amendment immunity. In relation to the failure to exhaust defense, Bohinski argued that McBride alleged that he had filed grievances but not that he had exhausted his administrative remedies. The Corrections Defendants based their failure to exhaust arguments on McBride's grievances and appeals (and their outcomes), and declarations from George Matthews, the Litigation Coordinator/Alternate Grievance Coordinator at S.C.I. Dallas, and Tshanna Kyler, an Administrative Officer in the Secretary of Corrections Office of Grievances and Appeals. In responding to Defendants'

2

motions, McBride contended that he had exhausted his administrative remedies by submitting copies of the same grievances and appeals that Defendants did.[1]

The District Court entered judgment in favor of Defendants after considering the declarations and documents submitted by Defendants and determining that McBride had not exhausted his administrative remedies. In its analysis, the District Court also noted that McBride's claim for money damages was unexhausted for the alternate reason that he had never requested damages during the administrative process. At the same time, the District Court denied McBride's motion for preliminary injunction, motion to conduct discovery, and motion for summary judgment (construed as a request for the entry of default due to Defendants' failure to file a reply to one of McBride's briefs). The District Court also directed that the Clerk of the District Court strike from the record McBride's motion for discovery, which was construed as a discovery request directed to Defendants.

McBride moved for reconsideration of the District Court's order and for appointment of counsel. In his motion for reconsideration, he stated that he did not receive final review of one grievance because he could not comply with the state's procedural requirements; he also argued that a workable administrative remedy did not exist at S.C.I. Dallas. The District Court considered and rejected McBride's arguments based on the allegations in McBride's complaint and the facts in the record. The District

[1]He also attached a letter that referred to an appeal of an apparently unrelated grievance. That letter was not received by the S.C.I. Dallas superintendent's office until February 2003, which was after McBride filed suit.

Court also noted that <u>Spruill v. Gillis</u>, 372 F.3d 218, 234 (3d Cir. 2004), undermined the alternative holding regarding McBride's failure to request damages, but that it did not affect the conclusion that McBride otherwise failed to exhaust his administrative remedies. The District Court denied McBride's motion for reconsideration and denied his motion for appointment of counsel as moot.

McBride appealed. McBride twice moved to dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42(b), and, after each motion was granted, requested that his appeal be reopened. When we issued the order reopening his appeal for the second time, we directed the parties to discuss whether the motions to dismiss were improperly converted into motions for summary judgment by the District Court, and whether the conversion, if any, was harmless error.

Because McBride did not discuss the issue of conversion in his opening brief, he has waived the issue. <u>See, e.g.</u>, <u>Harvey v. Plains Twp. Police Dep't</u>, 421 F.3d 185, 192 (3d Cir. 2005). To the extent that McBride now argues that his <u>pro se</u> status and lack of familiarity with "technical" legal terms hindered his ability to provide analysis ("Response to Correctional Defendants['] Motion"), we note that <u>pro se</u> litigants have an obligation to present issues for review, although the briefs filed by <u>pro se</u> litigants are construed broadly. <u>See</u> Fed. R. App. P. 28(a)(5); <u>Al-Ra'Id v. Ingle</u>, 69 F.3d 28, 31 (5th Cir. 1995). Furthermore, the complexity of a case does not excuse the failure to address an issue in an opening brief. <u>See</u> <u>United States v. Pelullo</u>, 399 F.3d 197, 222 & n.30 (3d

4

Cir. 2005). Therefore, McBride's arguments for our consideration of a conversion issue are unsuccessful.[2] We will evaluate whether the District Court otherwise properly granted summary judgment in favor of Defendants and whether it appropriately denied McBride's motion for reconsideration. We will also rule on the motion for compensation that McBride has filed on appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001).[3] We apply the same standard that a district court must apply; specifically, we consider whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact." Fed. R. Civ. P. 56(c). See also Abramson, 260 F.3d at 276. Generally, a decision on a motion for reconsideration is

---

[2]In addition, McBride contends that there was sufficient evidence to find in his favor. ("Response to Correctional Defendants['] Motion" 5.)

[3]Although the District Court, in its order dated August 31, 2004, maintained that it did not convert Defendants' motions into motions for summary judgment, the District Court's characterization of its actions is not dispositive. See Rose v. Bartle, 871 F.2d 331, 339-40 (3d Cir. 1989). In addition to McBride's complaint, the District Court considered copies of McBride's grievances and appeals, the Department of Corrections' responses to them, and declarations from George Matthews, the Litigation Coordinator/Alternate Grievance Coordinator at S.C.I. Dallas, and Tshanna Kyler, an Administrative Officer in the Secretary of Corrections Office of Grievances and Appeals. Even if the grievances, appeals, and responses are indisputably authentic, especially given that the Corrections Defendants and McBride rely on the same documents from the prison administrative process, cf. Spruill, 372 F.3d at 223, the declarations from prison officials or Corrections Department administrators are evidentiary materials that cannot be considered on a motion to dismiss. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).

reviewed for abuse of discretion, but because the District Court based its denial on "the interpretation and application of a legal precept," plenary review is merited. Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

Upon review, we will affirm the District Court because McBride did not exhaust his administrative remedies. Prisoners must exhaust all available administrative remedies (which need not meet federal standards or be "plain, speedy, or effective") before bringing a suit under 42 U.S.C. § 1983 about prison conditions. See 42 U.S.C. § 1997e(a); Spruill, 372 F.3d at 227. McBride, specifically, had to exhaust his administrative remedies pursuant to the Consolidated Inmate Grievance Review Process, DC-ADM 804, to the extent that the three-tier process was available to him. Bohinski and the Corrections Defendants produced evidence that McBride filed three grievances, grievance numbers 35318, 36202, and 36946, relating to his housing transfer and cigarette-smoke exposure. (Bohinski App. 64a, 70a, & 72a.) They showed that McBride did not appeal the denials of grievance numbers 36202 and 36946 to the required final review. (Id. 76a.) Bohinski and the Corrections Defendants also demonstrated that McBride, in his grievances, did not name all of the persons he named as defendants in his complaint. (Bohinski App. 64a-73a.) In addition, they showed that although McBride appealed the denial of grievance number 35318 to the prison superintendent and to the Office of Inmate Grievances and Appeals, his final appeal was dismissed as untimely. (Id.) By relying on the same proof that Bohinski and the Corrections Defendants

6

presented, McBride essentially conceded that he had not properly exhausted his administrative remedies pursuant to DC-ADM 804.[4] See Spruill, 327 F.3 at 222. Similarly, in his motion for reconsideration and on appeal, he admits that he failed to comply with the procedures mandated by DC-ADM 804. (Motion for Reconsideration 2; Appellant's Brief 2-3, 4.h.)

McBride's contention that the administrative remedy scheme was "unavailable" to him is unavailing. In his motion for reconsideration (but not in his response to Bohinski and the Corrections Defendants' motions), McBride raised his "unavailability" argument. He repeats a variation of his argument on appeal. A motion for reconsideration is "to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Evidence that is not newly discovered does not support a motion for reconsideration. See id. First, McBride did not present new, or any, evidence that showed that the administrative remedy was unavailable. As the District Court reasoned, McBride's availability argument is without merit because he could and did use the relevant administrative process, although he did not utilize it in a timely and appropriate manner. (Bohinski App. 22a.) In fact, he does not make a true unavailability argument, as in Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). He

---

[4]As noted previously, he also claimed that he had exhausted his administrative remedies by attaching a letter that referred to an appeal of an apparently unrelated grievance. That letter does not provide support for his contention. It was not even received until after McBride filed suit.

merely argues that the administrative procedures should follow federal standards and provide an effective remedy. However, a prison administrative scheme is not required to do either. See Spruill, 372 F.3d at 227.

McBride also raised state law claims of medical malpractice and willful misconduct, which the District Court declined to consider. The District Court properly decided against exercising its supplemental jurisdiction over the state law claims that remained after all federal claims had been dismissed. See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

Because McBride did not properly present his federal claims to prison officials in the compliance with the prison administrative scheme, and because the District Court properly declined to exercise its supplemental jurisdiction over McBride's state law claims, the District Court properly granted summary judgment and denied reconsideration. Because McBride's suit could not proceed, the District Court properly denied McBride's motion for preliminary injunction, motion to conduct discovery, and motion for summary judgment (construed as a request for the entry of default due to Defendants' failure to file a reply to one of McBride's briefs). The District Court also did not err in directing that the Clerk of the District Court strike from the record McBride's motion for discovery, a discovery request directed to Defendants that had been improperly filed in the District Court. For the foregoing reasons, the District Court's judgment will be affirmed. McBride's motion for compensation for alleged wrongs is denied.

8