

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2006

# Vega v. US Dept Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5125

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Vega v. US Dept Justice" (2006). *2006 Decisions.* Paper 1198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-182                                                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5125

JOSE VEGA,

Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU
OF PRISONS; WARDEN D. SCOTT DODRILL, USP Lewisburg; LT. KNOX, USP
Lewisburg; C.O. FISHER, USP Lewisburg; C.O. HEAGANBACH, USP Lewisburg;
DR. NOONE, USP Lewisburg; OFFICER HUMMER, USP Lewisburg; S.
INVESTIGATION SPECIALIST EDINGER, Special Intelligence Specialist, USP
Lewisburg; P.D. BUIANICH, USP Lewisburg; DR. A. BUSSANICH; IVAN
NAVARRO, Physicians Assistant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02398)
District Judge: William W. Caldwell

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 6, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed April 28, 2006)

OPINION

PER CURIAM

        In October 2004, Jose Vega, a federal prisoner proceeding pro se, initiated the

underlying Bivens[1] action in the United States District Court for the Middle District of Pennsylvania. In his complaint, which he subsequently amended, Vega alleged that the defendants violated his Fifth and Eighth Amendment rights. According to Vega, after he attacked an assistant warden with a razorblade on March 14, 2003, the defendants assaulted him and then denied him medical treatment for his injuries. The defendants filed a motion for summary judgment in which they argued that Vega failed to properly exhaust his administrative remedies prior to filing suit.

In a detailed twenty-five page opinion, the District Court concluded that Vega had failed to exhaust his administrative remedies regarding the alleged assault and denial of medical care prior to filing his Bivens action. See, e.g., 42 U.S.C. § 1997e(a) (an inmate is prohibited from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies); Booth v. Churner, 523 U.S. 731, 741 (2001) (explaining that the exhaustion requirement of the Prison Litigation Reform Act of 1995 ("PLRA") applies to grievance procedures "regardless of the relief offered by the administrative procedures"); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004) (concluding that a prisoner must properly exhaust administrative remedies or risk procedural default). The District Court also found lacking in merit Vega's allegations that he was prevented by prison authorities from timely pursuing the prison grievance process. See, e.g., Brown v. Croak, 312 F.3d 109, 112 (3d

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

Cir. 2002) (administrative remedy unavailable where prison security officials told inmate to wait to file grievance until after the investigation was complete); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (administrative remedy unavailable where inmate put on grievance restriction). Accordingly, by order entered November 4, 2005, the District Court granted the defendants' motion for summary judgment.

Vega then filed in the District Court a motion to amend certain findings of facts pursuant to Federal Rule of Civil Procedure 52(b), wherein he asserted that the District Court omitted and misconstrued facts in granting the defendants' motion for summary judgment. Vega also filed a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing that the exhaustion requirement of the PLRA violated his Fifth Amendment rights. By order entered December 20, 2005, the District Court denied Vega's Rule 52(b) and 59(e) motions on the grounds that: (1) Vega had presented no new evidence and there were no factual errors to correct; and (2) his challenge to the constitutionality of the PLRA was meritless.

Vega has timely appealed the November 4 and December 20 orders. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of an order granting a motion for summary judgment. McLeod v. Hartford Life & Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). We review the District Court's denial of motions filed pursuant to Rule 52(b) and Rule 59(e) for an abuse of discretion. Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the reasons thoroughly discussed by the District Court and summarized above,

3

we agree with the District Court's disposition of this matter. Thus, having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Vega's motion for a procedural order is denied.