

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2009

# Tito Reyes v. Raymond Sobina

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1348

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tito Reyes v. Raymond Sobina" (2009). *2009 Decisions.* Paper 1118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-209                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1348
_____

TITO REYES,

                                    Appellant

v.

RAYMOND SOBINA, Superintendent;
DEPUTY SUPT. BARONE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00067)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2009
Before: MCKEE, FISHER and CHAGARES, Circuit Judges

(Opinion filed: June 26, 2009 )
_____

OPINION
_____

PER CURIAM

        Tito Reyes, an inmate at SCI-Forest, appeals from an order of the District Court

granting summary judgment in favor of the defendants in this pro se civil rights action.

For the reasons that follow, we will summarily affirm.

Reyes filed an action pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights by providing poor medical care regarding the removal of his cataracts and by ordering him to work with hazardous chemicals in the kitchen after his surgery. The defendants filed a motion to dismiss on the ground that Reyes had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). To support the motion, the defendants submitted a declaration from Christina Kennedy, the prison superintendent's assistant, indicating that Reyes had submitted only one grievance while incarcerated at SCI-Forest. That grievance was dated January 31, 2008, and it was rejected as untimely because it related to work issues from 2006 and 2007. According to Kennedy's declaration, Reyes did not appeal this decision. In his brief in opposition to the defendants' motion, Reyes did not address the issue of exhaustion or provide evidence that he had complied with the prison's grievance procedure; instead, he merely reiterated the merits of his case.

The Magistrate Judge treated the defendants' motion to dismiss as one for summary judgment and recommended that it be granted because Reyes had not exhausted his administrative remedies in accordance with the PLRA.[1] Reyes did not object to the

---

[1] "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, the defendants submitted evidence with their motion to dismiss. In addition, the Commonwealth's Rule 12(b) motion invited the District Court to convert it to a request for summary judgment if necessary. Accordingly, Reyes was sufficiently on notice of the possible conversion to summary judgment. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 288-89 (3d

Magistrate Judge's report. By order entered January 8, 2009, the District Court adopted the Magistrate Judge's recommendation and granted the defendants' motion. Reyes then filed a timely appeal.

We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We exercise plenary review over the District Court's order granting summary judgment. Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).

The PLRA prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Pennsylvania's Inmate Grievance System, DC-ADM 804, requires a prisoner to follow a three-step review process: An initial grievance must be submitted to

Cir. 1999). In any event, we note that Reyes responded to the Commonwealth's motion to dismiss by submitting outside material of his own. Moreover, the Magistrate Judge's Report and Recommendation made explicit the conversion to summary judgment, and Reyes was given time to file objections. He did not. For the sake of completeness, we note that—in some cases, anyway—it is acceptable to dismiss a prisoner's complaint under 42 U.S.C. § 1997e(a) at the pleadings stage. See, e.g., Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

3

the Grievance Coordinator within 15 days after the events upon which the claims are based. See DC-ADM 804, Part VI.A.8. If the Grievance Coordinator's decision is adverse to the inmate, it can be appealed to the local prison's Facility Manager or Superintendent. See DC-ADM 804, Part VI.C. Once the intermediate decision is made, the inmate has 15 days from the date that the decision was received to file a final appeal with the Office of Inmate Grievances and Appeals. See DC-ADM 804, Part VI.D.

In support of their motion to dismiss, the defendants submitted a declaration indicating that Reyes had "filed only one grievance while at SCI-Forest, on January 31, 2008, [that] [i]t was rejected as untimely because it related to work issues from 2006 and 2007, . . . [and] that [h]e did not appeal the rejection . . . ." Reyes did not present any evidence to contradict the defendants' claim that he had failed to comply with the PLRA's exhaustion requirement. See Fed. R. Civ. P. 56(e). Under the circumstances, we agree that Reyes failed to exhaust his available administrative remedies.

For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will affirm the judgment of the District Court.

4