GLD-233                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2471
_____

JOSEPH BREELAND,
                                                        Appellant

v.

DOCTOR MARK BAKER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00070)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2011

Before:  AMBRO, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 26, 2011)
_____

OPINION
_____

PER CURIAM

    Joseph Breeland appeals from the District Court's entry of summary judgment in

favor of the defendant.  We will vacate and remand for further proceedings.

Breeland is a Pennsylvania state prisoner. He filed suit against his prison's Medical Director, Dr. Mark Baker, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Breeland alleges that he has an umbilical hernia and that Dr. Baker (1) refused to prescribe different pain medication after Breeland told him that the Naprosyn he was prescribed was not working, and (2) refused to authorize the use of a "hernia brace" (apparently a device necessary to keep the hernia from protruding) while in the Restrictive Housing Unit. Breeland later filed a "supplement" alleging that Dr. Baker refused to authorize necessary surgery, and he alleges in various other filings that Dr. Baker refused to see him despite several sick call requests although his hernia was in danger of erupting and leading to his death.

Dr. Baker filed a Rule 12(b)(6) motion to dismiss arguing, among other things, that Breeland failed to exhaust his administrative remedies. In response, Breeland submitted various grievance-related documents. Dr. Baker then filed a "supplemental" motion to dismiss attaching the "verification" of Melinda Adams, the prison Grievance Coordinator. The verification states, without explanation, that Breeland has not "exhausted the prison grievance procedures[.]"

A Magistrate Judge recommended treating Dr. Baker's motion as one for summary judgment and granting it on the ground that Breeland failed to exhaust his administrative remedies. Breeland filed objections. By order entered February 23, 2011, the District Court overruled them, adopted the Magistrate Judge's report, and entered summary

judgment in favor of Dr. Baker.  Breeland filed a timely motion for reconsideration and several other post-judgment motions which the District Court denied by docket "text-only" order on May 19, 2011.  Breeland appeals.[1]

## II.

The District Court properly recognized that, in order to consider Adams's verification along with the other grievance-related documents, the court would have to convert Dr. Baker's Rule 12(b)(6) motion into one for summary judgment.  See Fed. R. Civ. P. 12(d); Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000); cf. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) (relying only on "indisputably authentic documents related to [plaintiff's] grievances").  The District Court erred, however, by doing so under the circumstances presented here.

Before converting a motion to dismiss into one for summary judgment, district courts must provide notice and an opportunity to present evidence.  See Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).  Breeland himself submitted evidence outside the pleadings, but that fact does not show constructive notice because neither Dr. Baker's

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Breeland's appeal from the denial of his Rule 59(e) motion brings up for review the underlying summary judgment.  See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990).  We exercise plenary review of both the District Court's decision to treat a motion to dismiss as one for summary judgment and the entry of summary judgment itself.  See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).  "Viewing the evidence in the light most favorable to the nonmovant, summary judgment is appropriate only if there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'"  Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (alteration in original) (citation omitted).

3

motion nor his supplemental motion was styled as an alternative motion for summary judgment or mentioned summary judgment in any way. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d at 288-89. And even if they had, we held before the Magistrate Judge issued her report that district courts, before converting a motion to dismiss a pro se prisoner's complaint into one for summary judgment, must provide the prisoner "with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit." Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010). The District Court did not follow that procedure here.[2]

The District Court's failure to provide notice would not require remand if the error were harmless, see id. at 341, but it was not. Prisoners complaining of prison conditions must exhaust their administrative remedies before filing suit. See 42 U.S.C. § 1997e(a). This requirement demands "[p]roper exhaustion," meaning "compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). Proper exhaustion necessarily is determined with reference to the applicable prison grievance procedures. See id.; Spruill, 372 F.3d at 231-32. Exhaustion is an affirmative defense that the defendant must plead and prove. See Jones v. Bock, 549

---

[2] Perhaps for this reason, Breeland's post-judgment motions in the District Court appear to reflect confusion about the status of his case. Even at that stage, he sought relief on the basis of his efforts to obtain discovery and submitted an affidavit from a fellow inmate regarding the merits of his claim. We need not address the District Court's denial of these motions given our disposition of this appeal.

4

U.S. 199, 216 (2007).

In this case, the only evidence that Dr. Baker submitted in support of his motion was the Adams verification. That verification states that Pennsylvania's three-tiered administrative grievance process requires inmates to file (1) an initial grievance, (2) an appeal to the prison Superintendent, and then (3) a final appeal to the Secretary's Office of Inmate Grievances and Appeals at the Department of Corrections' ("DOC") central office in Camp Hill, Pennsylvania. (Docket No. 23, Attach. 1, ¶ 4.) The verification goes on to state that "[b]ased upon my review of the grievance record for inmate Breeland, I can conclude that he has <u>not</u> exhausted the grievance procedures in place at SCI-Albion with regard to [his] claims[.]" (<u>Id.</u> ¶ 7.) The verification, however, does not state how or why. Dr. Baker submitted neither Breeland's complete grievance record nor the applicable grievance policy itself.

Breeland, by contrast, argued that he had indeed appealed "all the way to Camp Hill." He submitted an initial grievance and response as well as a first-level appeal and response regarding his medication claim, and there is no dispute that he properly completed the first two levels of review for that claim.[3] At issue is the third level. After Breeland's grievance and initial appeal were rejected, he submitted a form entitled "Inmate's Request to Staff Member." (Dist. Ct. Docket No. 22 at 8). The first line of this submission reads: "I am writing this to appeal my grievance number 304131." (<u>Id.</u>)

5

Breeland addressed it to Richard S. Ellers, Director of the DOC's Bureau of Health Services, at the DOC's central office in Camp Hill. Ellers did not expressly treat Breeland's submission as an appeal, but he provided a response on the merits of Breeland's claim. (Id. at 9.) Breeland argued that this submission constitutes a proper final appeal because Ellers is "the only person who medical grievances for final review is address [sic] and answered by." (Dist. Ct. Docket No. 43 at 6.) He also argued that he clearly identified his submission as an appeal and that, if Ellers was not the proper recipient, he should have forwarded it to the appropriate person.

The District Court rejected these arguments on the basis of the Magistrate Judge's conclusion that Breeland failed to follow the proper procedure for filing a final appeal. The only specific respect in which the District Court faulted Breeland was that his appeal was "misdirected." (Dist. Ct. Docket No. 42 at 7-9.) There is no evidence of record, however, that either Breeland's use of the "Inmate's Request" form (which he clearly identified as an appeal) or his submission of that form directly to Ellers violated any particular administrative procedure. Indeed, there is no evidence of record concerning the proper procedure at all.

The District Court relied on our summary of a prior version of Policy DC-ADM 804 in Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001), for the proposition that Pennsylvania inmates must submit a final administrative

_____

[3] The record does not show any attempt to exhaust the "hernia brace" claim, but we decline to affirm as to that claim in light of the District Court's erroneous conversion

6

appeal to the "Central Office Review Committee," then faulted Breeland for failing to do so. (Dist. Ct. Docket No. 42 at 8.) That policy has since been revised and, according to Adams's verification, the final administrative appeal now is taken to the Secretary's Office of Inmate Grievances and Appeals. Booth thus did not address the policy applicable to Breeland. It also did not address a "misdirected" administrative appeal even under the former policy. Without any showing concerning the specific policy that Breeland allegedly violated, the District Court erred in concluding that Dr. Baker met his burden of proving that Breeland violated the policy as a matter of law.

We will vacate the entry of summary judgment for that reason. See Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). Our ruling does not preclude Dr. Baker from raising the issue of exhaustion in a properly supported motion for summary judgment at the appropriate time. If the District Court again considers the issue of exhaustion, it should also consider whether Breeland substantially complied with the applicable procedures. See Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000); see also Camp, 219 F.3d at 281 (deeming technically deficient attempt at exhaustion sufficient where plaintiff's "allegations have been fully examined on the merits by the ultimate administrative authority").[4]

_____

of Dr. Baker's motion to one for summary judgment.

[4] Though we do not decide the issue, we note that Breeland's efforts arguably would have been sufficient under the current policy DC-ADM 804, which became effective after the events in question and is available at http://www.cor.state.pa.us/portal/server.pt/community/department_of_corrections/4604/doc_policies/612830. The policy does not appear to require the use of any particular form. (DC-ADM 804 §

One final issue warrants discussion. Dr. Baker moved to dismiss Breeland's complaint on several other grounds, including failure to state a claim. We decline to address these arguments in the first instance except to observe that Breeland's allegations at the very least would entitle him to amend his complaint before any dismissal with prejudice. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

Accordingly, we will vacate the judgment of the District Court and remand for further proceedings.

---

2.B.1.e, i.) It does require that appeals be addressed to "Chief, Secretary's Office of Inmate Grievances and Appeals" at an address in Camp Hill, Pennsylvania. (Id. § 2.B.1.f) It further provides, however, that "[f]ailure to properly address the appeal will delay the process," (id.) (emphasis added), not that it will result in rejection of the appeal. And the policy also permits the Secretary's Office to "review/refer an appeal with the relevant bureau (health care issues with the Bureau of Health Care Services . . .)[.]" (Id. § 2.B.2.d). Ellers is the Director of that bureau, Breeland sent his form to Ellers at the required Camp Hill address, and Ellers provided a response. Thus, Breeland arguably substantially complied with the current policy. We recognize that the policy in force at the relevant time is not of record, and we thus express no opinion on whether Breeland complied with that policy. Instead, we make these observations to emphasize why the District Court should not have concluded that Breeland violated the applicable policy without some showing regarding the terms of the policy itself.