**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2779
_____

WILLIE L. DAVIS,
                                        Appellant

v.

C. ANDERSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-02722)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2015
Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant, Willie L. Davis, appeals pro se from the judgment entered against him in this civil rights action. For the following reasons, we will affirm.

I.

Davis is a federal prisoner who is, and at all times relevant to this case was, incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. In November 2013, Davis commenced this Bivens[1] action in the United States District Court for the Middle District of Pennsylvania against C. Anderson, a corrections officer at USP-Lewisburg. In the complaint, Davis stated that, on October 2, 2013, Officer Anderson was escorting Davis back to his cell after a cell search when Officer Anderson warned Davis not to continue filing grievances and law suits, stating: "you keep filing and we are going to keep doing what we are doing." Davis further alleged that when he arrived at his cell, he saw that his notes and time logs pertaining to several pending law suits against USP-Lewisburg corrections officers had been destroyed. According to Davis, when he asked Officer Anderson why his legal mail had been "sabotaged," Officer Anderson stated: "it can get much worse for you, so be happy that[']s all we did." In support of these allegations, Davis attached to his complaint affidavits from two fellow inmates who attested that they were present when Officer Anderson made these threats. Davis claimed that Officer Anderson's conduct amounted to retaliation in violation of his rights under the First Amendment, and sought compensatory and punitive damages.

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388

Officer Anderson filed a motion seeking dismissal, or, in the alternative, summary judgment on the ground that, inter alia, Davis had failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a). Officer Anderson explained that, in order to exhaust a complaint under the Federal Bureau of Prisons' ("BOP") Administrative Remedy Program, an inmate generally must first present his complaint to prison staff in an effort to informally resolve the matter, and then, if informal resolution fails, file a formal request with the prison, followed by two levels of administrative review. See 28 C.F.R. § 542.13-15. Officer Anderson further explained that the BOP provides an exception to this procedure if an inmate "reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." 28 C.F.R. § 542.14(d)(1). Under these circumstances, an inmate may submit his request directly to the appropriate Regional Director. Officer Anderson argued that because Davis did not take advantage of these available BOP procedures, he could not seek redress in federal court.

Davis did not address the PLRA's exhaustion requirement in his response to Officer Anderson's motion. Instead, he submitted an affidavit pursuant to Rule 56(d), requesting that the court either deny the motion, or delay ruling on it, because he had not been given sufficient time to conduct discovery. See Fed. R. Civ. P. 56(d).

---

(1971).

The matter was assigned to a magistrate judge, who recommended that the District Court enter summary judgment against Davis on the ground that he had failed to exhaust his administrative remedies. Davis objected to the Report and Recommendation. He acknowledged that he had not pursued a remedy request concerning Officer Anderson's misconduct, but asked the court to excuse his failure to exhaust because Officer Anderson's threats of further retaliation had effectively rendered the prison's remedy program unavailable to him. He did not address Officer Anderson's contention that, if he feared retaliation from Officer Anderson, he could have bypassed the institution and submitted a "sensitive" remedy request directly to the Regional Director under 28 C.F.R. § 542.14(d)(1).

Upon review, the District Court approved and adopted the Report and Recommendation, overruled Davis's objections, and granted Officer Anderson's motion. Davis now appeals from the District Court's order.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). To the extent that our review turns on the statutory construction of the exhaustion requirement in § 1997e(a), our review is also plenary. Concepcion v. Morton, 306 F.3d 1347, 1352 (3d Cir. 2002). Summary judgment is proper where, viewing the evidence in the light most favorable to the

4

nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We may affirm a District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Upon review of the record, we agree with the District Court that summary judgment was appropriate. As the District Court explained, the PLRA prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a); see also Nyhuis v. Reno, 204 F.3d 65, 69 (3d Cir. 2000). Davis conceded that the BOP has an established Administrative Remedy Program, but argued that it was effectively unavailable to him because Officer Anderson had threatened him with further retaliation should he "keep filing" grievances. While we have recognized that a prisoner's failure to exhaust may be excused when the actions of prison staff render the administrative remedies "unavailable,"[2] we cannot say that there were no remedies available to Davis here. Even assuming that Officer Anderson's threats deterred Davis from lodging an informal complaint with prison staff, see 28 C.F.R. § 542.13, or from

---

[2] See, e.g., Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (holding that there were disputed issues of fact as to whether the prisoner's administrative remedies were "unavailable" where he claimed that he relied on prison officials' erroneous instructions about the grievance process); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (holding that administrative remedies were unavailable where inmate was on grievance

filing a formal request with the correctional counselor, <u>see</u> <u>id.</u> § 542.14, Davis could have bypassed the institution and filed a complaint directly with the Regional Director, <u>see</u> <u>id.</u> § 542.14(d)(1). Given that Davis did not provide any argument or evidence in the District Court suggesting that this alternative procedure was unavailable to him, the District Court properly entered summary judgment against him.

III.

Accordingly, we will affirm the District Court's judgment.

---

restriction).