BLD-019                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1813
_____

DAVID A. GAMBINO,

Appellant
v.

BOBBY L. MEEKS, WARDEN; H. BARRON, ASSISTANT WARDEN; VAN HORN,
HEALTH ADMINISTRATOR; MALE GUARD, I, NAME UNKNOWN; MR. M.
SHAFFER, GUARD; P.A. KENGERSKI; SUPERVISOR OF SEGREGATION, NAME
UNKNOWN; ASSISTANT WARDEN HUBBARD; DR. WALT; MEDICAL NURSE 1,
NAME UNKNOWN; MEDICAL NURSE 2, NAME UNKNOWN; L.T., NAME
UNKNOWN; S.I.S. OFFICER TROUBLEFIELD; COUNSELOR STAUFFER;
COUNSELOR SHIFFRIN; OFFICER 2-NAME UNKNOWN; OFFICER 2-NAME
UNKNOWN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 14-cv-00236)
District Judge: Honorable Barbara Jacobs Rothstein
_____

Submitted on a Motion to Reopen, a Motion to Proceed In Forma Pauperis, for Possible
Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2017

Before: AMBRO, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 24, 2017)

———————

OPINION[*]

———————

PER CURIAM

David Gambino, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania granting summary judgment for the defendants in his action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons that follow, we will affirm.[1]

On or about September 8, 2014, Gambino filed a complaint against the Warden and staff at FCI-McKean, where he was then confined, alleging that he was denied emergency medical care, that another inmate who was denied such care had died, and that prison staff were preventing him from providing information to investigators. Gambino later filed an amended complaint adding claims of the denial of medical care before and after his emergency, retaliation, and other violations of his rights.

The defendants filed a motion to dismiss the amended complaint or, in the alternative, for summary judgment asserting, among other things, that Gambino had

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Gambino's motion to reopen his appeal, including his request to file the motion out of time, and motion to proceed in forma pauperis are granted. Gambino must pay the full filing fee in installments. The Clerk shall issue an order addressing payment of the fee.

failed to exhaust his administrative remedies. The Magistrate Judge concluded that Gambino had raised a genuine issue of material fact as to whether the administrative remedy process was available to him, but recommended that the District Court grant the motion on other grounds as to all but one of Gambino's claims. The District Court did not adopt the Magistrate Judge's report and granted summary judgment on the ground that Gambino had failed to exhaust his administrative remedies. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000).

The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before bringing an action concerning prison conditions. 42 U.S.C. § 1997e(a); Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). As discussed by the District Court, the Federal Bureau of Prisons has a four-step system, which requires a prisoner to first present issues of concern informally to staff. If the issue is not resolved, the prisoner must file an Administrative Remedy Request at his facility. He must appeal to the Regional Director if not satisfied with the Warden's response and then to the General Counsel if still not satisfied. See 28 C.F.R. §§ 542.13-542.18. A court may not excuse a failure to exhaust, but a prisoner is required to exhaust only those procedures that are "available" or capable of use to obtain relief. Ross, 136 S. Ct. at 1856, 1858-59.

The defendants submitted the declaration of a Bureau of Prisons Paralegal Specialist attesting that Gambino had filed two Requests for Administrative Remedy on September 3, 2014 related to the denial of medical care and staff harassment, that the

3

requests were rejected the same day for failing to ask for a remedy, that Gambino had not re-submitted the requests as permitted, and that he had filed no other requests. The defendants also provided a computer screen print-out reflecting that the two requests were rejected.

In response, Gambino argued that prison staff denied him access to the administrative process by refusing to correctly process his grievances. He produced documents showing that he submitted informal resolution forms on June 30, 2014, and that prison staff did not respond until August 28, 2014. He also provided notices reflecting that, in addition to being rejected for failing to ask for a remedy, his Administrative Remedy Requests were rejected on the ground that he did not attempt informal resolution or provide evidence of his attempt. Gambino states that he attached his informal resolution forms to the requests and asked for a remedy. Gambino, however, has not shown that the delay in informal resolution or rejection of his requests on alleged erroneous grounds impacted his ability to exhaust his remedies because the rejection notices allowed him to re-submit his requests and he did not do so.[2]

Gambino also asserted that he was denied access to the administrative process due to threats by prison staff and the issuance of false misconduct reports. Although

_____

[2]The record also reflects that Gambino submitted an informal resolution form on September 24, 2014 regarding the denial of medication and did not receive a response until January 27, 2015, after he filed his amended complaint. Gambino does not explain how this delay precluded him from filing an Administrative Remedy Request. The September 3, 2014 rejection notices suggest that he could show an attempt to informally resolve his issue to proceed with a request.

the administrative process may be rendered unavailable when prison administrators thwart inmates from taking advantage of the process through intimidation, <u>Ross</u>, 136 S. Ct. at 1860, Gambino's allegations are insufficient to create a factual question as to whether the process was unavailable here. Gambino states that false misconduct reports were issued on June 25, 2014 and August 21, 2014, but these reports did not deter him from pursuing his administrative remedies. He filed informal resolution forms on June 30, 2014 and his Administrative Remedy Requests on September 3, 2014.

Gambino also asserts that during the week of September 7, 2014, an officer threatened to send him back to the Special Housing Unit, where he claims he was denied emergency care, but he alleges that the threat was in response to emails he had sent about staff abuse and that the officer said he would have to send him there for his own protection. Although Gambino states that the same officer later threatened to mislabel him in the computer as a sexual predator, which would result in the denial of programs and a risk of inmate reprisal, he does not explain the circumstances of this alleged threat.

We also agree with the District Court to the extent it ruled that Gambino did not show that the procedure in 28 C.F.R. § 542.14(d)(1), which allows a prisoner to file an Administrative Remedy Request directly with the Regional Director if he believes that an issue is sensitive and that his safety or well-being is in danger, was unavailable to exhaust his remedies for claims related to the alleged threats. Defendants raised this provision in their objections to the Magistrate Judge's report and Gambino did not address it in his reply. Gambino's exhibits to his response to the summary judgment motion show that he

5

prepared a Regional Administrative Remedy Appeal form on September 14, 2014 regarding the denial of emergency medical care, marked it "Sensitive," and wrote on the form "not safe" and that staff told him it would be reviewed. This notation is insufficient to create a factual question as to whether an appeal or invoking the procedure in § 542.14(d)(1) was rendered unavailable, particularly where Gambino had recently filed his Administrative Remedy Requests.

Finally, to the extent Gambino asserts in his argument in support of his appeal that his physical and mental disabilities precluded him from exhausting his administrative remedies, this contention is contrary to Gambino's filing of his Administrative Remedy Requests and his underlying action.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.