**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3131
_____

ATINA KNOWLES,
                    Appellant

v.

TEMPLE UNIVERSITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-03513)
Magistrate Judge: Honorable Carol S. Wells
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2022
Before:  GREENAWAY, JR., PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

        Pro se appellant Atina Knowles is a former graduate student of Temple University.

Beginning in the fall of 2016, she attended Temple as a Ph.D. student in the Department

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of Philosophy. In May 2019, Knowles was dismissed from the program because she failed her preliminary examinations, a requirement for the degree. Knowles then filed a complaint in state court asserting that Temple violated her procedural due process rights in terminating her from the program.[1] Temple removed the matter to the District Court pursuant to 28 U.S.C. § 1331 and the parties consented to proceed before a Magistrate Judge. In October 2021, following numerous discovery disputes and pretrial proceedings, the Magistrate Judge granted summary judgment in favor of Temple, concluding that Temple had not committed any procedural due process violations. Knowles appealed.[2]

## I.

## A.

Knowles first challenges the Magistrate Judge's denial of her motion to amend the complaint. In her proposed amended complaint, Knowles asserted that three professors involved in her preliminary exams violated her rights to free speech, due process, and equal protection, and engaged in a civil conspiracy by failing her because they disliked her and disagreed with her political views. She also asserted that members of the Board of Trustees acted with reckless indifference toward her clearly established constitutional rights, in violation of 42 U.S.C. § 1983.

---

[1] Knowles also asserted breach of contract and promissory estoppel claims, but those claims were dismissed, and Knowles does not challenge their dismissal on appeal. Therefore, any such challenge is deemed abandoned. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the Magistrate Judge's denial of leave to amend for abuse of discretion and review de novo her determination that amendment would be futile. United States ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). While leave should be freely granted to a party to amend its pleadings when justice so requires, see Fed. R. Civ. P. 15(a)(2), the court may properly deny a party's motion to amend when amendment would be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The Magistrate Judge did not err in concluding that it would have been futile for Knowles to amend her complaint. First, Knowles failed to state a claim against the three professors. As the Magistrate Judge explained, although Knowles couched her claims in terms of federal and state-law violations, all three proposed claims actually challenge the academic judgment of her professors. The record reflects that the professors' decisions to fail Knowles and remove her from the graduate program were based upon the exercise of professional judgment, and there is no indication that the professors deviated from academic norms. See Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225 (1985) (explaining that a court may not override the faculty's academic decisions unless there is evidence that the actors deviated substantially from accepted academic norms and "did not actually exercise professional judgment"); Swartley v. Hoffner, 734 A.2d 915, 921 (Pa. Super. Ct. 1999) (applying Ewing). Contrary to Knowles's contention, the Magistrate Judge did not improperly apply the Rule 12(b)(6) standard to her motion to amend, as amendment is considered futile if the amended complaint would not survive a

3

motion to dismiss for failure to state a claim.  See Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014).

Second, Knowles failed to state a claim under § 1983 against the members of the Board of Trustees, as she did not allege that any of them were personally involved in the academic decision making that resulted in her dismissal.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d. Cir. 1988) (citations omitted).  Accordingly, because amendment would have been futile, the Magistrate Judge acted within her discretion in denying Knowles leave to amend the complaint.

### B.

Knowles next challenges the Magistrate Judge's order denying her motion to recuse.  Knowles moved for recusal on the grounds that the Magistrate Judge made comments during hearings revealing a "high degree of antagonism" toward her; habitually spent only hours considering her motions; ignored her legal arguments; and extended "questionable courtesies" to Temple.  The Magistrate Judge denied the motion, rejecting each of Knowles's articulated bases for recusal.

We review the Magistrate Judge's denial of the recusal motion for abuse of discretion.  See Blanche R.d Corp. v. Bensalem Twp., 57 F.3d 253, 265 (3d Cir.1995).  A judge is required to recuse where her impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," id. § 455(b)(1).

4

We have reviewed the record and see no indicia of partiality or bias in the Magistrate Judge's actions. As the Magistrate Judge noted, most of Knowles's objections amount to mere dissatisfaction with her legal rulings, and such dissatisfaction is not a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). To the extent that Knowles contends that the Magistrate Judge exhibited antagonism toward her during various proceedings, we have reviewed the disputed comments and note that recusal is not warranted when a judge shares her knowledge and experience with a litigant. See Liteky, 510 U.S. at 551, 554. Accordingly, we find no abuse of discretion in the Magistrate Judge's denial of the motion to recuse.

## C.

Next, Knowles argues that during discovery, the Magistrate Judge improperly ordered her to produce (a) a copy of her current curriculum vitae and (b) an authorization for the release of her income tax returns. Knowles also argues that the Magistrate Judge improperly advised her that if she refused to give Temple access to her medical records, she would be precluded from seeking damages for physical, mental, or emotional injury.

We "review a district court's discovery orders for abuse of discretion[] and will not disturb such orders without a showing of actual and substantial prejudice." Cyberworld Enter. Techs., Inc. v. Napolitano, 602 F.3d 189, 200 (3d Cir. 2010).

5

We see no abuse of discretion here. The Magistrate Judge carefully explained the reasons for allowing this discovery, and we need not repeat her explanations here. Furthermore, given that Knowles's sole claim against Temple—that she was denied procedural due process—failed at summary judgment, she has not shown how she was prejudiced by these discovery rulings, all of which pertain to her alleged damages.

D.

Knowles also challenges the Magistrate Judge's denial of her motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Knowles moved for sanctions against Temple and its counsel for: (1) opposing her motion to amend her complaint; (2) opposing her motion to revoke the assignment of the case to the Magistrate Judge; (3) filing a motion to compel her to produce certain records; (4) filing a motion to sanction her for discovery violations; (5) initiating an alleged ex parte communication with the Magistrate Judge; (6) attempting to improperly influence the Magistrate Judge's decisions; and (7) filing a motion to dismiss the complaint in Knowles's related federal court action.

We review a ruling on a motion for Rule 11 sanctions for abuse of discretion. See Gary v. The Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). "Sanctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct., 618 F.3d 277, 297 (3d Cir. 2010) (quotation marks omitted).

The Magistrate Judge acted well within her discretion in denying the Rule 11 motion. As the Magistrate Judge explained, Rule 11 does not apply to discovery motions

6

practice, see Fed. R. Civ. P. 11(d); Temple reasonably opposed Knowles's motions to amend and to revoke the assignment to the Magistrate Judge; Temple's communications with the Magistrate Judge were not inappropriate; and the Magistrate Judge could not sanction Temple for motions it filed in a different case.

E.

Finally, the Magistrate Judge correctly concluded that Temple was entitled to summary judgment with respect to Knowles's procedural due process claim.

We exercise plenary review over the District Court's summary-judgment order. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013).

The essence of a procedural due process claim is notice and an opportunity to be heard. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). We have explained that when, as in this case, a student is discharged for academic reasons, all that is required to satisfy procedural due process is "an informal faculty evaluation with the student." Mauriello v. Univ. of Med. & Dentistry, 781 F.2d 46, 51 (1986).

It is undisputed that after Knowles failed the first attempt to pass her second preliminary examinations, she filed a grievance with the Philosophy Department and appealed the denial of that grievance to the College of Liberal Arts Graduate Committee.

7

She followed the same process when she failed the second attempt to pass her second preliminary examinations. After she was dismissed from the program, the Graduate Board Student Appeals Committee held a hearing at which she presented evidence and personally addressed the committee. Given these procedures, the Magistrate Judge correctly concluded that the procedure provided to Knowles was constitutionally sufficient. See, e.g., id. at 52 (concluding that a graduate student's procedural due process rights had been satisfied because "[she] was informed of her academic deficiencies, was given an opportunity to rectify them during a probationary period before being dismissed, and was allowed to present her grievance to the graduate committee").

## II.

We have considered Knowles's remaining arguments on appeal and conclude that they are meritless. Accordingly, we will affirm.