NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3325
_____

THOMAS J. BEATON, SR.,
Appellant

v.

FRANKLIN J. TENNIS, Superintendent; JOEL DICKSON, Deputy Superintendent;
MAJOR JAMES MORRIS; GERARD MCMAHON, Major; ROBERT PATISHNOCK;
BRIAN CONFER, Sergeant; ANTHONY PORTER, Officer; BETINA REBAR, Officer;
OFFICER JOHN DOE 2; RICHARD ELLERS, Medical Administrator; JOHN
SYMONS, M.D.; Physicians Assistant JOHN DOE;  Physicians Assistant VALERIE
SENKO; PRISON HEALTH SERVICE COMPANY; SHARON BURKE, Camp Hill
State Prison;  JEFFREY PACKOVAN; DIANE WOODRING; NURSE TRIMPEY;
*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;  2nd Shift
Security Officers of Security Building DW, Surveillance and Camera Monitoring
Officers, John Doe Officers

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Case No. 4-07-cv-01526)
District Judge: Honorable Christopher C. Conner
_____

Argued January 11, 2012

Before:  SCIRICA, RENDELL and SMITH, Circuit Judges

(Opinion Filed: January 31, 2012)
_____

Benjamin R. Barnett, Esq.
Kenneth J. Holloway, Esq.   **[ARGUED]**
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA  19104
  *Counsel for Appellant*

Timothy A. Holmes, I, Esq.   **[ARGUED]**
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
  *Counsel for Appellees Brian Confer, Joel Dickson,*
  *Gerard McMahon, James Morris, Robert Patishnock,*
  *Anthony Porter, Betina Rebar, and Franklin Tennis*

Alan S. Gold, Esq.
Gold & Ferrante
261 Old York Road, Suite 526
Jenkintown, PA  19046
  *Counsel for Defendants – Non-Participating*
  *Prison Health Ser Co., Valerie Senko,*
  *John Symons, M.D.*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Plaintiff Thomas Beaton appeals a District Court order granting a motion by defendants, employees of the Department of Corrections who worked at a prison where Beaton was incarcerated, for summary judgment on Beaton's 42 U.S.C. § 1983 failure-to-protect claim.  Although we disagree with the District Court's conclusion that Beaton failed to administratively exhaust his claim, we conclude that Beaton's claim fails on the merits and, accordingly, will affirm.

# I.

On August 28, 2006, "Sharif," a fellow inmate at SCI-Rockview prison, attacked Beaton with a padlock. The padlock struck Beaton in the mouth, causing him to fall and hit his head on the concrete floor. Beaton suffered injuries to his lip, teeth, and head. In the following months, he was diagnosed with a fracture in his right occipital lobe and post-concussion syndrome, which caused headaches, vertigo, nausea, visual distortion, and affected his ability to concentrate. Beaton alleged that the defendants failed to protect him from such an attack because they knew or should have known of a risk to Beaton of an attack by Sharif or, more generally, of the risk to all inmates of injury resulting from attacks using padlocks, which the prison makes available to prisoners through its commissary.

Beaton filed a grievance complaining about the attack on October 1, 2006. The grievance initially was returned to him as untimely, but Beaton appealed to the prison superintendant, defendant Tennis, asking for permission to proceed and stating that the grievance was untimely filed as a result of Beaton's injuries from the assault. Tennis told Beaton that the matter would be investigated, and directed him to refile the original grievance. Defendant Patishnock, the Unit Manager of Beaton's housing unit at the time, reviewed the grievance and filled out a form that stated that it had been accepted for review. On October 16, 2006, however, Beaton met with Patishnock and signed and dated the "withdrawal" section of his grievance form. Beaton testified in his deposition that he believed that he was withdrawing a different grievance, related to a request for

3

transfer to a different cell block, and that Patishnock deliberately confused him by placing the withdrawal form underneath paperwork related to the housing grievance.

On October 31, 2006, Beaton wrote a letter to Tennis seeking to appeal the withdrawal and refile his grievance, asserting that Patishnock had taken advantage of confusion arising from Beaton's injuries. Tennis denied the request. Beaton appealed that denial to the Office of Grievances and Appeals, which initially requested additional paperwork, but, after clarification, denied Beaton's appeal, citing prison regulations that forbid appeals after a grievance has been withdrawn.

Beaton filed this suit, and, after discovery, defendants moved for summary judgment. A magistrate judge issued a Report and Recommendation urging that defendants' motion be granted on administrative exhaustion grounds and on the merits of Beaton's claims. The report concluded that there were no factual issues regarding Beaton's failure to exhaust, based on Patishnock's testimony and Beaton's withdrawal of the grievance. The District Court adopted the Magistrate Judge's report, granted defendants' motion, and directed the clerk to enter judgment for defendants.

## II.

### A.

On these facts, the Magistrate Judge and District Court erred in concluding that Beaton failed to exhaust his administrative remedies. This is not a typical administrative exhaustion case, in which a plaintiff ignores the required procedures or otherwise neglects his claim. Instead, Beaton filed the proper grievance, appealed when necessary

4

(securing a promise to investigate despite an initial finding that the grievance was not timely filed), and followed up once he realized that the grievance had been withdrawn.

More importantly, inmates "need only exhaust such administrative remedies as 'are available,'" *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (quoting 42 U.S.C. § 1997e(a)), and, as the Magistrate Judge observed, "[a]ffirmative misconduct by prison officials designed to impede or prevent an inmate's attempts to exhaust may render administrative remedies unavailable," *Beaton v. Tennis*, No. 07-1526, 2010 WL 2696857, at *4 (M.D. Pa. May 10, 2010). Beaton alleged misconduct of this sort, namely that defendant Patishnock intentionally tricked him into withdrawing his grievance.

The record contains sufficient evidence to support Beaton's allegations at the summary judgment stage. Specifically, Beaton testified both that Patishnock arranged the paperwork so that Beaton would believe that he was withdrawing the housing grievance, not the assault grievance, and that Patishnock specifically asked him to withdraw the housing grievance. Beaton adds that, as a result of the assault, his mental state was unstable and he was easily confused. Beaton's subsequent letters to Tennis and the Office of Grievances and Appeals also document Beaton's version of events. The Magistrate Judge and District Court relied solely on Patishnock's statements that Beaton said that he wanted to withdraw the assault grievance to reject Beaton's claim. But, in light of the documents and Beaton's contrary testimony, the most that can be said about Patishnock's statements is that they create a material fact question for the jury to resolve. The District Court therefore should not have granted summary judgment to defendants on this ground.

**B.**

The District Court did not base its decision solely on the administrative-exhaustion question; it also determined that "Beaton fail[ed] to state a cognizable failure to protect claim." *Beaton v. Tennis*, No. 07-1526, 2010 WL 2696853, at *1 (M.D. Pa. July 7, 2010). We agree.

The Magistrate Judge rejected Beaton's claim that defendants failed to protect him from Sharif because it found that Sharif's alleged threats to Beaton — a comment that Beaton's "shower's up" and a subsequent comment, made a month-and-a-half before the assault, that Sharif was "going to f*** [Beaton] up" — did not establish a risk of pervasive harm. He also concluded that the threats were too remote in time to suggest a "real and proximate threat" to Beaton and, in the prison context, were too vague to be actionable. *Beaton*, 2010 WL 2696857, at *5. Nothing in Beaton's submissions to this Court convinces us otherwise.

Beaton's claim concerning the danger of padlocks in the prison also fails. As the Magistrate Judge found, Beaton has not raised a genuine issue of fact that the prison's padlock policy creates a substantial or pervasive risk of harm to its inmates. Tennis acknowledged previous padlock assaults in the prison, and testified that they typically occur at a rate of 1 or 2 per year. Given the padlocks' legitimate uses — to secure prisoners' belongings — and the fact that inmates may use even the most harmless objects as weapons (Tennis testified that attacks using bars of soap are much more common than those using padlocks), the Magistrate Judge concluded that the evidence did not support a conclusion that a failure to remove padlocks from the prison constituted

6

deliberate indifference by the defendants. *Id.* at *6. We find no error in his analysis or conclusion.[1]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] We also reject Beaton's argument that the Magistrate Judge abused his discretion by denying Beaton's motion for leave to file an untimely counterstatement of facts in support of his summary judgment opposition. Beaton's counsel plainly did not follow the local rules, and offered a series of evolving, even inconsistent, excuses for his failure to do so. Under those circumstances, the Magistrate Judge had no obligation to consider Beaton's late filing.