**CLD-284**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3874
_____

MITCHELL HOWARD,
                              Appellant

v.

STEPHEN CHATCAVAGE; BONASS; RICHARD SPAIDE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-01562)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 20, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se litigant Mitchell Howard appeals the District Court's order granting

summary judgment to the Appellees.  For the reasons set forth below, we will summarily

affirm.

Howard filed this action in the Middle District of Pennsylvania in August 2012. He alleged that two corrections officers and one unit manager at State Correctional Institution – Mahanoy, where he is currently incarcerated, violated the Eighth Amendment in failing to protect him from an attack by a fellow prisoner. Howard was charged with a misconduct as a result of the fight, but that misconduct was later dismissed by a hearing examiner. Howard did not file a grievance with the prison regarding his allegation of an Eighth Amendment violation.

The defendants filed a motion for judgment on the pleadings, or in the alternative for summary judgment limited to the issue of exhaustion. They argued that they were entitled to summary judgment because Howard did not exhaust his administrative remedies on his failure-to-protect claim, as 42 U.S.C. § 1997e(a) requires. They included a declaration from the prison's grievance administrator stating that Howard had filed no grievance related to this Eighth Amendment claim, nor indeed any grievance at all since 2005. Howard opposed the motion; he suggested that he reasonably believed his obligation to exhaust was fulfilled when the hearing examiner dismissed the misconduct brought against him for fighting, and that this reasonable misunderstanding should not preclude his claim.

The District Court ruled that Howard had indisputably failed to exhaust administrative remedies with respect to his Eighth Amendment claim, which was a fatal flaw under § 1997e(a). It granted the defendants' motion for summary judgment and closed the case. Howard filed a timely notice of appeal.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order granting summary judgment is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will summarily affirm the District Court's grant of summary judgment because this appeal presents no substantial question. See I.O.P. 10.6.

Incarcerated litigants must exhaust administrative remedies fully before they may file complaints that challenge the conditions of their confinement. See 42 U.S.C. § 1997e(a). Exhaustion is mandatory, even if the administrative process cannot provide the prisoner with the relief he seeks. See Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000). Here, the defendants properly raised Howard's failure to exhaust administrative remedies as an affirmative defense. See Jones v. Bock, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense). Howard does not dispute that he failed to exhaust his administrative remedies with respect to the constitutional claim at bar. Instead, he suggests that he believed his appeal of the misconduct could substitute for exhaustion, and that this reasonable misunderstanding should not preclude his claim. He is mistaken.

The purpose of the exhaustion requirement is to ensure that prison officials have a fair opportunity to correct their own errors before the initiation of a federal case. See Woodford v. Ngo, 548 U.S. 81, 94-95 (2006); see also Jones, 549 U.S. at 219. Howard did not give the defendants such an opportunity here. There is nothing in the record to

3

indicate that Howard's appeal of the misconduct for fighting alerted prison officials to this independent, affirmative Eighth Amendment claim against them, much less afforded them the opportunity to evaluate or remedy that claim before the initiation of this case. Indeed, the inmate grievance process and the inmate discipline process are two separate tracks, the mixing of which is specifically forbidden: "A grievance directly related to a specific inmate misconduct charge . . . will not be addressed through the Inmate Grievance System and must be addressed through Department policy DC-ADM 801, 'Inmate Discipline.'"[1] See Pennsylvania Department of Corrections Administrative Directive 804, Inmate Grievance System Procedures Manual at § 1.A.7. Nor has Howard demonstrated that the grievance process was unavailable to him.[2]

Because the exhaustion of administrative remedies is a prerequisite to filing a complaint in this context, and because Howard indisputably failed to do so, this appeal presents no substantial question. We will summarily affirm the District Court's order granting summary judgment to the defendants.

---

[1] Howard's reliance on Giano v. Goord, 380 F.3d 670 (2d Cir. 2004) to support his excusable-mistake theory is inapposite, as Giano concerned a prisoner whose appeal of a misconduct was denied, in a New York correctional institution with a different system of prison regulations.

[2] We have excused the failure to exhaust in limited circumstances when the grievance procedure is unavailable to the prisoner. See, e.g., Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (prison officials' instruction that plaintiff must delay filing grievance would render the grievance procedure unavailable); Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir. 2000) (correctional officers impeding plaintiff's ability to file a grievance renders grievance procedure unavailable). In his brief supporting this appeal, Howard asserts, baldly and for the first time, that grievance procedures were unavailable to him. But he fails to describe any circumstances demonstrating this unavailability, and the record does not support such a proposition.

4