ALD-078                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2029
_____

OMARI H. PATTON,
                              Appellant

v.

ROBERT WERLINGER; BRYCE BURGETT,
individually and in their official capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-cv-00247)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2015
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

Omari Patton, a federal prisoner proceeding pro se, appeals from the District Court's order granting the defendants' motion to dismiss or, in the alternative, for summary judgment. For the following reasons, we will summarily affirm.

In December 2012, Patton commenced an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in the United States District Court for the Western District of Pennsylvania. In his amended complaint, Patton alleged that on December 8, 2010, he was placed in the Special Housing Unit ("SHU") at the Federal Correctional Institution in Loretto, Pennsylvania, ("FCI Loretto") and that he was subsequently transferred from that facility on January 7, 2011. Following his transfer, Patton was admitted to the Federal Correctional Institution in Bennettsville, South Carolina ("FCI Bennettsville") on March 10, 2011. Patton alleged that both his placement in the SHU and his transfer from FCI Loretto were made in retaliation for his filing grievances against officers at FCI Loretto and for having a phone conversation with one of the officers' sisters. Patton named as defendants Robert Werlinger, former Warden at FCI Loretto, and Bryce Burget, Case Manager Coordinator at FCI Loretto.

The defendants filed a motion to dismiss or, in the alternative, for summary judgment. The Magistrate Judge recommended that the defendants' motion be granted and that Patton's complaint be dismissed with prejudice for failure to exhaust administrative remedies.[1] The District Court adopted the Magistrate Judge's report and recommendation, and dismissed the complaint with prejudice. Patton appealed.

---

[1] The Magistrate Judge further recommended, in the alternative, that Patton's complaint be dismissed for failure to state a claim because, even assuming that Patton

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal and summary judgment order is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (motion to dismiss). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record, see Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985), and may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Under the Prison Litigation Reform Act of 1996 ("the PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances

---

sufficiently pled that he engaged in constitutionally protected conduct and suffered adverse action, he failed to plausibly allege a causal link between his constitutionally protected conduct and the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). We need not decide that issue here, because we agree with the District Court that Patton failed to exhaust his administrative remedies.

or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

It is uncontested that Patton failed to exhaust his administrative remedies. After the Magistrate Judge filed her report and recommendation, Patton filed a motion asserting for the first time that he failed to exhaust his remedies because they were rendered "unavailable"[2] to him by the staff at FCI Loretto and by the BOP Northeast Regional Office while Patton was in the SHU.[3] Patton has presented no evidence to support this allegation. Moreover, even if administrative remedies were unavailable to Patton during his placement in the SHU, Patton has not shown that he could not have pursued such remedies at FCI Bennettsville following his transfer. Patton asserts that by the time he arrived at FCI Bennettsville any potential administrative remedies related to his claims would have been time-barred. This argument is not persuasive. Although an inmate generally has only twenty days to submit an administrative remedy request, the governing regulations allow this time to be extended when the inmate demonstrates a valid reason for delay. 28 C.F.R. § 542.14. A "valid reason" under the regulations means "a situation which prevented the inmate from submitting the request within the established time

---

[2] We have excused the failure to exhaust in limited circumstances when the grievance procedure is unavailable to the prisoner. See, e.g., Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (prison officials' instruction that plaintiff must delay filing grievance would render the grievance procedure unavailable); Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir. 2000) (correctional officers impeding plaintiff's ability to file a grievance renders grievance procedure unavailable).

[3] Patton had earlier argued, in his response to defendants' motion to dismiss and/or for summary judgment, that he failed to pursue administrative remedies because to do so would have been futile. However, as the Magistrate Judge observed in her report and recommendation, there is no "futility" exception to the PLRA's mandatory exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).

4

frame." See 28 C.F.R. § 542.14(b). Valid reasons for delay include "an extended period in-transit during which the inmate was separated from documents needed to prepare the Request." Id. Patton did not request an extension of time to file a request following his transfer, nor has he alleged that he was impeded from doing so. Accordingly, dismissal of his amended complaint for failure to exhaust administrative remedies was proper.

For the foregoing reasons, there is no substantial issue on appeal and we therefore grant Appellees' motion for summary action and will summarily affirm the judgment of the District Court, see 3d Cir. LAR 27.4; 3d Cir. I.O.P. Ch. 10.6. All other pending motions are denied.