VINSON, District Judge,
concurring specially:
I agree with the majority that the District Court did not follow the two-step procedure set forth in Turner v. Burnside, 541 F.3d 1077 (11th Cir.2008). I also agree with the majority (and with every circuit that has considered the issue) that the state waives an exhaustion defense when it addresses and decides a prisoner’s grievance on the merits even though the grievance could have been — but was not— denied on a valid procedural ground. See, e.g., Hill v. Curcione, 657 F.3d 116 (2d Cir.2011); Reed-Bey v. Pramstaller, 603 F.3d 322 (6th Cir.2010); Conyers v. Abitz, 416 F.3d 580 (7th Cir.2005); Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir.2004), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Camp v. Brennan, 219 F.3d 279 (3d Cir.2000). However, this case presents a slightly different factual situation than existed in those cases, which raises some subtle additional issues.
In each of the cases cited above and by the majority, the “waiver rule” was applied where the state had decided the grievance on the merits at every stage of review, or at least at the final administrative stage.[1] Here, by contrast, it appears that while the warden may have addressed the beating claim “on the merits” at the second stage of administrative review, it is unclear whether the Commissioner’s Office did so at the third and final stage.[2]
If a state’s last administrative body denies a grievance for valid procedural reasons, the court is required to find that grievance unexhausted under the PLRA. This conclusion serves the purposes of exhaustion in that it promotes efficiency, it “gives an agency ‘an opportunity to .correct its own mistakes ... before it is haled into federal court,’ and it discourages ‘disregard of [the agency’s] procedures.’” See Woodford v. Ngo, 548 U.S. 81, 89, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006). It is also supported by the fact that courts have repeatedly drawn “parallels” between the PLRA and the law governing habeas corpus. Reed-Bey, 603 F.3d at 325 (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002), and concluding that “[i]t *1217 makes considerable sense to adopt similar approaches in addressing similar concerns under the two regimes”). Under the habe-as regime, “ ‘a procedural default does not bar consideration of a federal claim ... unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar,’ or it is otherwise clear they did not evaluate the claim on the merits.” Id. (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (emphasis added)).
Thus, I would remand this case for the reasons that the majority has noted, including a factual confirmation that the warden resolved grievance 80940 on the merits at the second step of review. If that is confirmed, the District Court must then consider the more legally significant question of whether the grievance was considered and resolved on the merits by the Commissioner’s Office at the third and final step. If it was, the state waived its exhaustion defense, as every circuit has held. On the other hand, if the commissioner’s final decision denying the grievance was based on a valid procedural reason, then Whatley’s grievance must be treated as unexhausted, regardless of whether the warden’s earlier decision was on the merits.

. A district court in our circuit has noted this distinction in a well-analyzed decision. See Hall v. Dunlap, 2014 WL 1315398, at *2-4 (M.D.Ga. Mar.31, 2014) ("most courts in circuits that have adopted a waiver rule would apparently require a decision on the merits at every stage of review or at least at the last stage before finding a waiver of exhaustion”) (citing multiple cases).

. It is unclear due to the nature of the grievance itself. The underlying grievance (80940) dealt largely with an alleged procedural violation, i.e., the prison's failure tó follow proper grievance procedure for Whatley’s previous "imminent danger” grievance, which, in turn, was tied to the alleged beating. In denying grievance 80940, the Commissioner’s Office stated that the earlier grievance had been denied as "non-grievable” under the SOP, and, also, because "we found no evidence to indicate [a violation] of GDC's grievance procedure”. It is thus debatable whether the Office of the Commissioner rejected the grievance on procedural grounds or “on the merits” (and whether the grievance was sufficiently connected to the beating at issue), and I believe this is a critically important question that must be resolved.