**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————

No. 14-2693
——————

WILLIE DAVIS,

Appellant

v.

LT.  SAYLOR, in his individual capacity;
LT.  SHERMAN, in his individual capacity;
NURSE  PARTER, in his individual capacity

————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-02279)
District Judge:  Honorable Robert D. Mariani

————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: November 4, 2015)
——————

OPINION[*]
——————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant, Willie L. Davis, appeals pro se from the judgment entered against him in this civil rights action. For the following reasons, we will affirm.

I.

Davis is a federal prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). In August 2013, Davis commenced this Bivens[1] action in the United States District Court for the Middle District of Pennsylvania against correctional officers and medical staff at USP-Lewisburg, including Lt. Saylor, Lt. Sherman, EMT-Paramedic Potter (incorrectly identified in the complaint as "Nurse Parter"), and other unidentified corrections officers. Davis alleged that on August 24, 2013, in retaliation for his filing of numerous federal complaints against various USP-Lewisburg employees, the defendants attempted to conduct an unjustified search of Davis's cell. When Davis protested against the cell search and refused to be handcuffed, the "use of force team" was brought in, and Davis was placed in ambulatory restraints for approximately thirty-four hours, until the evening of August 25, 2013. Davis alleged that the defendants deliberately made the restraints too tight, cutting off circulation to his hands and causing nerve damages. He alleged that Potter observed the damage to his hands, but lied and falsified medical records to state that the restraints were fine, and refused to document or treat Davis's injuries after he was released from the restraints. On August 27, 2013, Davis filed his complaint in the District Court, bringing claims that the

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

District Court construed as claims for excessive force and medical indifference in violation of the Eighth Amendment, and retaliation in violation of the First Amendment, seeking compensatory and punitive damages.

After seeking several extensions of time to answer the complaint, the defendants filed a motion for summary judgment on the ground that, inter alia, Davis had failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a). Generally, in order to exhaust a complaint under the Federal Bureau of Prisons' ("BOP") Administrative Remedy Program, an inmate must first present his complaint to prison staff in an effort to informally resolve the matter; if informal resolution fails, the inmate must then file a formal request with the prison, followed by two levels of administrative review. See 28 C.F.R. § 542.13-15. The BOP also provides an exception to this procedure if an inmate "reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." 28 C.F.R. § 542.14(d)(1). Under these circumstances, an inmate may submit his request directly to the appropriate Regional Director.

In response to the defendants' motion for summary judgment, Davis filed a "Motion to Dismiss" the motion, which the District Court construed as a brief in opposition to summary judgment. Davis did not file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), but argued in his brief that the defendants' motion was improperly filed because he was not given sufficient notice or time to conduct discovery.

3

The opposition brief did not specify what discovery Davis believed was necessary to counter the defendants' exhaustion argument.

Davis does not dispute that he failed to file any administrative complaint related to this alleged incident, and expressly stated in his complaint that he had not done so because he feared further retaliation. It is also evident on the face of the complaint that Davis could not possibly have completed the BOP's administrative remedy procedure with regard to an incident that took place only six days before his complaint was docketed in the District Court. Instead, Davis argued—as he does on appeal—that exhaustion is not required when bringing claims of First Amendment retaliation, and that he did not file a grievance because he feared additional reprisals from prison staff. [2] Specifically, Davis alleged in his complaint that, on the morning after he was released from the ambulatory restraints, he and his cellmate were handcuffed and taken to the shower area of their cell block. There, Officer C. Brininger—who is not a defendant in this case—approached Davis and stated, "You and I both know what happened to you, and I suggest you take it on the chin, because if you file anything you will get caught up in the cycle of more wrath." Davis asserted in his complaint that he had not filed any

[2] In both his appeal and his District Court filings, Davis relies on three cases—Anderson v. Davila, 125 F.3d 148 (3d Cir. 1997); Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006); and McKee v. Hart, 436 F.3d 165 (3d Cir. 2006)—for his argument that he is not required to exhaust claims of retaliation under the First Amendment. Although these cases—none of which involves a prisoner plaintiff—do address some First Amendment claims, they do not address exhaustion, much less support the conclusion that a prisoner bringing a retaliation claim under the First Amendment is not required to exhaust administrative remedies under the PLRA.

administrative remedy because he interpreted Brininger's statement to mean that he should not "file [a grievance], or try to expose what had been done to him, or else [Brininger] and his co-workers were going to intensify their oppression in retaliation [against Davis for] trying to expose their corrupt conspiracy."

The matter was assigned to a magistrate judge, who recommended that the District Court enter summary judgment against Davis on the ground that he had failed to exhaust his administrative remedies. Davis objected, reiterating the arguments made in his opposition to the motion; in the alternative, Davis requested that the court hold a hearing to determine whether he was required to exhaust, or hold the action in abeyance to allow Davis to exhaust. Upon review, the District Court approved and adopted the Report and Recommendation, overruled Davis's objections, and granted the defendants' motion. The District Court did not consider any record documents attached to the motion in reaching its conclusion that Davis had failed to exhaust. The District Court also held that further discovery "could not alleviate this procedural barrier to continuing the litigation," and did not address the underlying merits of the claims. Davis now appeals from the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). To the extent that our review turns on the statutory construction of the exhaustion requirement in 42 U.S.C. § 1997e(a), our review

5

is also plenary. Concepcion v. Morton, 306 F.3d 1347, 1352 (3d Cir. 2002). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We may affirm a District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Upon review of the record, we agree with the District Court that summary judgment was appropriate. As the District Court explained, the PLRA prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a); see also Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000). Davis concedes that the BOP has an established Administrative Remedy Program, but argues that it was effectively unavailable to him because he had been threatened by Officer Brininger with further retaliation if he "file[d] anything." While we have recognized that a prisoner's failure to exhaust may be excused when the actions of prison staff render the administrative remedies "unavailable,"[3] we cannot say that there were no remedies

---

[3] See, e.g., Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002) (holding that there were disputed issues of fact as to whether the prisoner's administrative remedies were "unavailable" where he claimed that he relied on prison officials' erroneous instructions about the grievance process); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (holding that administrative remedies were unavailable where inmate was on grievance restriction).

6

available to Davis here. Even assuming that Officer Brininger's threats deterred Davis from lodging an informal complaint with prison staff under 28 C.F.R. § 542.13, or from filing a formal request with the correctional counselor under 28 C.F.R. § 542.14(c), Davis could have bypassed the institution and filed a complaint directly with the Regional Director under 28 C.F.R. § 542.14(d)(1), if he believed that his safety or well-being was in danger. Given that Davis did not provide any argument or evidence in the District Court suggesting that this alternative procedure was unavailable to him, the District Court properly entered summary judgment against him.

III.

Accordingly, we will affirm the District Court's judgment.

7