BLD-160                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2922
_____

CEDRIC TYRONE WALKER,
                                                          Appellant

v.

R. FISHER; J. ROMIG; N. BEAVER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 16-cv-01326)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2018
Before:  RESTREPO, BIBAS, and NYGAARD, Circuit Judges

(Opinion filed April 5, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Cedric Walker, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, filed a complaint in the United States District Court for the Middle District of Pennsylvania, alleging violations of his Eighth Amendment rights. Walker claimed that correctional officers chained him to his bunk and failed to provide him with food and water for several days. He alleged that the handcuffs cut into his wrists and cut off his circulation, and that when he complained, the Defendants threatened to tighten the cuffs. Walker sought damages and unspecified injunctive relief.

The Defendants filed a motion for summary judgment, alleging that Walker had failed to exhaust his administrative remedies. Defendants provided an affidavit from Attorney Advisor Jennifer Knepper, who had reviewed the electronic database of administrative remedy submissions. Dkt. #15-1. Knepper indicated that Walker had filed a total of twenty-nine administrative remedies, fifteen of which were filed during the time relevant to the complaint. Each of the fifteen filings was rejected, and each of the three that Knepper identified as relevant to the complaint was rejected because Walker failed to first file a remedy form at the institutional level. Id.

Walker filed a response in opposition, with an attached "Declaration" under penalty of perjury. Walker stated in his response that he "filed several 'Request to Staff' asking them to provide BP-8, BP-9 (institutional level), BP-10 (Regional leval), and BP-11 (Central Office level) that were giving/provide late to hinder his procedural administrative rights." Dkt. #25 at 2. Walker argued that the prison records, which showed that his grievances had been rejected, supported his allegations that he "was

2

given the incorrect forms to proceed to the correct level of review." Id. Walker's "Declaration" similarly noted that he "filed several Request to Staff, requesting prison complaints," and that "[e]ach time they received my request, they said they would bring me the form to file but never came back, until I filed again to request the same form, making the complaint late." He indicated that staff "[s]everal times" gave him incorrect forms or told him to file at the wrong level. Dkt. #25 at 6.

In reply, Defendants submitted declarations from two correctional officers. Correctional Counselor R. Bingaman indicated that Walker was assigned to his caseload from April 14, 2015, to July 14, 2015. Dkt. #26-1 at 23. Bingaman indicated that when he "receive[d] a request for a BP-8," he would make an entry in a log book, indicating the name of the inmate, the form number, and the date. Bingaman declared that he had reviewed his log book for April 14 to July 14, 2015, and that Walker "did not request any BP-8s from [him] during that time." Id. at 24. Correctional Counselor J. Diltz indicated that Walker was assigned to his caseload from July 14, 2015, to March 22, 2016, and from March 24, 2016, through May 11, 2016. Dkt. #26-1 at 26. Diltz stated that when he received a request for a BP-8, he would "give the form with the date on which it was provided to the inmate and the inmate's name noted on it," and that "[o]nce the inmate returns the completed BP-8," he would "assign it a number and enter it into [his] log book with the date on which it was returned." Id. at 27. Diltz reviewed his log book for the time in question and declared that "[d]uring that time, [Walker] did not return any completed BP-8s" to him. Id.

The District Court found that the Defendants had "satisfied their burden under Rule 56 . . . in identifying evidence which demonstrates the absence of a genuine issue of material fact." Dkt. #31 at 12. The Court found that the record showed that "[d]espite being informed that his grievances should be filed at the institution level, [Walker] ignored those directives," and that he thus had "failed to properly exhaust his administrative remedies." Id. The Court granted the Defendants' motion for summary judgment and dismissed Walker's complaint. Walker timely appealed.[1]

We have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). We will affirm if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Because Walker is a prisoner, his complaint is subject to the strictures of the Prison Litigation Reform Act ("PLRA"), and in particular here, its administrative exhaustion requirements. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." (Emphasis added). It follows

---

[1] Walker's appeal was dismissed for failing to pay the appellate filing fee, but Walker has since filed a motion to proceed in forma pauperis and a motion to reopen the appeal. Those motions are both GRANTED.

that if an administrative remedy is not "available," it need not (and cannot) be exhausted. See Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000). That is Walker's allegation here—that despite requesting the proper forms, correctional officers gave him the wrong forms or gave him forms when it was too late to file an institutional grievance.

The availability of remedies is a question of law that often has factual components. See Small v. Camden County, 728 F.3d 265, 271 (3d Cir. 2013). Here, there is a genuine issue regarding whether BP-8 forms were available to Walker. While Officer Bingaman declared that Walker did not request any BP-8s from him during the pertinent time, notably, Officer Diltz said only that Walker did not give him any "*completed*" BP-8s during the pertinent time, leaving open the question of whether Walker *requested* the forms from him. And both Correctional Officers indicated that while "[a]dministrative remedy forms are primarily distributed by Correctional Counselors, [they] may be obtained from any member of the inmate's Unit Team." Dkt. #26-1 at 23, 26. Walker thus may have unsuccessfully requested other officers to provide him with forms during the pertinent time. Further, none of the administrative remedy forms or responses are in the record—Defendants provided nothing more than computer-generated abstracts that lack detail. Thus, it is unclear whether Walker complained about the unavailability of the proper forms in those grievances.

We recently clarified that although a judge may "resolve factual disputes regarding exhaustion," the judge must give "some form of notice to the parties and an opportunity to respond." Paladino v. Newsome, No. 15-2058, 2018 WL 1354265, at *6 (3d Cir. Mar. 16, 2018). The District Court here did not have the benefit of our guidance

5

in that opinion. We will thus vacate the District Court's judgment, and remand to allow the Court to give the parties notice of its intention to resolve the factual dispute, and give the parties an opportunity to respond. We leave it to the District Court to determine whether an evidentiary hearing is necessary, see id., and we express no opinion on the question of whether administrative remedies were available to Walker.

For the foregoing reasons, we will vacate the District Court's judgment and remand the matter for further proceedings.[2]

---

[2] Walker's motion for appointment of counsel is DENIED.